IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIE VAN, et al.,<br><br>      Plaintiffs,<br><br> v.<br><br>FORD MOTOR COMPANY,<br><br>      Defendant. | Case No. 1:14-CV-08708<br><br>Honorable Sharon Johnson Coleman |

**ORDER FOR DISCOVERY AND CASE MANAGEMENT BEFORE CLASS CERTIFICATION MOTION**

Consistent with the Court's August 10, 2016 Minute Entry (Dkt. 84), the Court hereby Orders:

**I. PRE-MOTION DISCOVERY**

**A.**  **Initial and Supplemental Disclosures**

1. Not later than 45 days after the Court's approval of this plan, the parties shall serve the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A)(i)–(iii).

2. Without awaiting a formal request for production, the parties shall within 45 days after providing their initial disclosures, provide to each other the actual documents required by Fed. R. Civ. P. 26(a)(1)(A)(ii) and (iii). Nothing in this paragraph shall preclude the parties from supplementing their initial disclosures at a later time, as contemplated by Fed. R. Civ. P. 26(e).

3. Ford may designate any of the named plaintiffs, and either party may designate up to 30 additional individuals, whom it would like to depose for purposes of class certification, irrespective of whether such individual is a third party, corporate representative for

purposes of a Rule 30(b)(6) deposition or witness. The parties shall make such individuals or witnesses within their control available for a deposition at a mutually convenient time and shall cooperate in the scheduling of non-party witnesses not in their control. Except upon agreement of the parties or order of the Court, each deposition will occur in the District where the deponent resides, and be limited to 4 hours in length, with 3 additional hours reserved for additional deposition testimony during merits discovery, if needed.

4. Except upon agreement of the parties or order of the Court, each deposition of a party or current Ford employee will occur in the District where the deponent resides, and be limited to 4 hours in length, with 3 additional hours reserved for additional deposition testimony during merits discovery, if needed. Depositions of third party witnesses and former employees are not subject to this limitation and, if deposed, may be deposed according to the Federal Rules of Civil Procedure. The failure of a party to take a deposition of a person or persons disclosed during the class certification discovery phase shall not be deemed a waiver of that party's right to depose such person(s) during the merits phase discovery process. No later than 90 days prior to the close of discovery, plaintiffs and Ford shall serve supplemental disclosures, if any.

5. No later than 14 days after the parties exchange supplemental disclosures, plaintiffs and Ford may each designate up to 10 additional people from the supplemental disclosure lists who were not previously disclosed that they would like to depose in connection with any motion for class certification. Plaintiffs and Ford shall make available for a deposition at a mutually convenient date prior to the close of class discovery each person within their control who is so designated.

A. **Additional Discovery Timing, Obligation, and Limitations**

1. Class discovery shall end 360 days after the Court's approval of this plan.

2. Over the plaintiffs' objections, except by agreement or order of the Court, and except for expert witnesses, plaintiffs collectively and Ford shall be limited, exclusive of named plaintiff depositions, to 40 depositions in total, regardless of the number of witnesses on which each party intends to rely for purposes of its support or opposition to class certification.

3. Except by agreement or order of the Court upon a showing of good cause, and except for expert witnesses, Ford shall not be required at this stage of the case to search the paper and electronic files of more than 40 custodians in response to requests for production.

4. For purposes of the class certification motion, and the opposition thereto, neither side may rely on any witness, affiant or declarant not previously identified in initial or supplemental disclosures per this discovery plan, and neither side for such purposes may rely on any document not identified and disclosed in discovery or pursuant to the disclosure requirements as set forth in this discovery plan.

5. If Plaintiffs intend to rely on expert material to support a motion to certify, they must provide the information and material required by Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi) not later than120 days prior to the close of discovery and produce such expert(s) for deposition not later than 45 days thereafter.  If Ford intends to rely on expert material in opposition to a motion to certify, it shall provide the information and material required by Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi) for any expert witnesses not later than 60 days prior to the close of discovery and produce such expert(s) not later than 45 days thereafter.

6. Any motion to bar or limit the report or opinion of any expert witness must be filed no later than the close of class discovery.  The timing of the briefing on such motions will be governed by order of this Court.

7. Each side may utilize the procedures of Fed. R. Civ. P. 33, 34 and 36 during the class discovery period.  Except on agreement of the parties or order of the Court, the use of these procedures shall be subject to the limitations of those rules, the provisions of Fed. R. Civ. P. 1 and 26, and the following additional limitations:

    a. Ford is limited to 20 document requests and 15 interrogatories per named Plaintiff, including subparts.

    b. Plaintiffs are collectively limited to 100 document requests and 40 interrogatories against Ford, including subparts.

## I. CLASS CERTIFICATION MOTION PRACTICE

1. Not later than 60 days following the close of class discovery, plaintiffs must file their motion for class certification along with a supporting brief and any exhibits.

2. Ford shall file its opposition brief and any supporting exhibits not later than 45 days after plaintiffs' motion is filed.

3. Plaintiffs may reply to Ford's response within 30 days after service of Ford's response again providing any supporting exhibits.

4. If either side believes in good faith that the other is relying on witnesses or written matter not disclosed as required by this plan or by the Federal Rules of Civil Procedure, they may approach the Court for relief if they are unable to resolve the issue themselves.

5. To the extent either party, in support of or opposition to class certification relies on the affidavit or declaration of any person who was disclosed, but not deposed during the discovery period, the opposing party may depose such person limited to the matters

relevant to class certification, and subject to the deposition length limitations in this Stipulation/Order, within the time the party seeking the deposition has for filing its brief.

6. Nothing in this plan shall prohibit any party from filing, or the Court from ruling on, motions for summary judgment or partial summary judgment at any time during the class period.

7. After the Court rules on plaintiffs' motion for class certification, the Court will hold a status conference with the parties to identify relevant case management issues and to determine subsequent events as may be appropriate.

Dated: August 23, 2016

_____
The Honorable Sharon Johnson Coleman
District Judge

{01883214.DOCX;-1}5