# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTIE VAN, CHARMELLA LEVIEGE, MARIA PRICE, HELEN ALLEN, JACQUELINE BARRON, THERESA BOSAN, SHRANDA CAMPBELL, KETURAH CARTER, MICHELLE DAHN, TONYA EXUM, JEANNETTE GARDNER, ARLENE GOFORTH, CHRISTINE HARRIS, ORISSA HENRY, LAWANDA JORDAN, DANIELLE KUDIRKA, TERRI LEWIS-BLEDSOE, CONSTANCE MADISON, CEPHANI MILLER, MYOSHI MORRIS, STEPHANIE SZOT, SHIRLEY THOMAS-MOORE, ROSE THOMAS, TONI WILLIAMS, BERNADETTE CLYBURN, MARTHA CORBIN, ANGELA GLENN, LADWYNA HOOVER, OGERY LEDBETTER, LATRICIA SHANKLIN, ANTOINETTE SULLIVAN, DERRICKA THOMAS, AND NICHEA WALLS, individually and on behalf of all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Case No. 14 cv 8708 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a 123-Count Second Amended Complaint on behalf of themselves and all similarly situated persons, alleging sexual harassment and hostile work environment, gender/sex discrimination, race discrimination, retaliation, national origin discrimination, failure to accommodate under the Americans with Disabilities Act, battery, and assault.[1] Defendant, Ford Motor Company ("Ford"), moves for dismissal of Counts 39-92 of the Second Amended Complaint [67]. For the reasons set forth herein, the motion is denied.

---

[1] The Second Amended Complaint realleges for appeal purposes only the previously dismissed Counts 93-123, which claim intentional infliction of emotional distress. (Dkt. 59 at ¶¶ 815-969).

**Background**

The following is a summary of the allegations in the Second Amended Complaint. Defendant, Ford, manufactures vehicles. Ford employs more than 4,000 employees at its Chicago Assembly Plant and more than 800 employees at its Chicago Stamping Plant. All the named plaintiffs were employed at one of the Chicago plants between January 1, 2012, and the present.

The complaint alleges that male employees and supervisors routinely make discriminatory and harassing remarks and gestures based on race and gender towards female Ford employees and the company takes no action. Plaintiffs allege that Ford maintains a pattern and practice of harassment and inferior treatment of female employees with respect to the terms and conditions of employment, including job assignments, training, promotions, and overtime assignments. This pattern and practice of harassment and discrimination created a hostile work environment that has continued at the Chicago plants since the 1980s. In addition to the allegations of a sexually and racially charged hostile work environment contributing to gender and race discrimination and retaliation, the plaintiffs allege battery and assault.

**Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009). The plaintiff does not need to provide detailed factual allegations, but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. When reviewing a motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Pisciota v. Old Nat. Bancorp*, 449 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

Ford moves to dismiss Counts 39-92 of the Second Amended Complaint, which allege Illinois intentional torts of assault and battery. Ford argues the Illinois Workers Compensation Act ("IWCA"), 820 ILCS 305/5, 305/11, preempts plaintiffs' state-law tort claims. The Court dismissed these claims from plaintiffs' First Amended Complaint without prejudice after finding plaintiffs had failed to sufficiently allege that the perpetrators of the assault and battery claims had "the authority to make decisions and set policy on behalf of" Ford. *See* Dkt. 53 at 13 (quoting *Daulo v. Commonwealth Edison*, 938 F. Supp. 1388, 1406 (N.D. Ill. 1996)).

The IWCA is the exclusive state law remedy against an employer for accidental injuries sustained by an employee arising out of and in the course of her employment. See 820 ILCS 305/5, 305/11; *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 151 Ill.Dec. 560, 564 N.E.2d 1222, 1225-26 (1990). To avoid preemption plaintiffs must show that Ford committed, commanded, or expressly authorized a supervisor to commit an intentional tort. *Meerbrey*, 139 Ill.2d at 464. "A claim that management ignored evidence that the conduct was taking place is not sufficient; what is required is 'actual direction, encouragement, or participation' by management. *Temores v. SG Cowen*, 289 F. Supp. 2d 996, 1007 (N.D. Ill. 2003); *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 239, 408 N.E. 2d 198, 203, 41 Ill. Dec. 776 (1980).

In their Second Amended Complaint, plaintiffs allege that Ford was aware of and received numerous complaints regarding the unwelcome, unwanted, harmful or offensive touching or threatened touching of female employees by supervisors since 2012. Dkt. 59 at ¶522. Plaintiffs further allege that the conduct was committed by management or in the presence of management. *Id.* at ¶523. Additionally, plaintiffs assert that Ford actively and effectively encouraged the behavior by allowing it to occur without repercussion. *Id.* at ¶530. Plaintiffs identify numerous superintendents, supervisors, and a Union chairperson as the perpetrators of the alleged conduct,

and allege that these managers had authority to establish working conditions, make employment decisions, and to set policy within their departments and on behalf of Ford. *Id.* at ¶532. Moreover, plaintiffs allege that Ford has established a policy by which it actively has interfered with plaintiffs obtaining Orders of Protection from the police for batteries, assaults and other acts of workplace violence they have suffered at Ford. *Id.* at ¶536. The complaint then sets forth specific examples. *Id.* at ¶¶537-542.

While a claim that management ignored evidence that the conduct was taking place would not be sufficient to avoid preemption, allegations of "actual direction, encouragement, or participation" by management may be sufficient to avoid the preemption bar. *See Temores,* 289 F. Supp. 2d at 1007 (citing *Jaskowski v. Rodman & Renshaw, Inc.,* 813 F.Supp. 1359, 1362 (N.D. Ill. 1993)). The managerial role of the identified perpetrators alone does not make their conduct that of Ford for purposes of the preemption analysis. *See Daulo v. Commonwealth Edison,* 938 F. Supp. 1388, 1406 (N.D. Ill. 1996). However, at the dismissal stage this Court must view the allegations in the light most favorable to the plaintiffs and plaintiffs have alleged that these individuals had policy making authority and exerted control over the workplace. This Court therefore finds that it is premature to dismiss plaintiffs' assault and battery claims based on preemption by the IWCA. *See e.g., Fondrliak v. Commonwealth Edison*, No. 98 C 5985, 1999 WL 51804, *5, 1999 U.S. Dist. LEXIS 1000 (N.D. Ill. Jan. 29, 1999); *Bruce v. S. Stickney Sanitary Dist.*, No. 01 C 3578, 2001 WL 789225, at *5 (N.D. Ill. July 12, 2001).

Accordingly, based on the foregoing, Ford's partial motion to dismiss [67] is denied.

IT IS SO ORDERED.

Date: October 12, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge