**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHRISTIE VAN, CHARMELLA LEVIEGE,  )
MARIA PRICE, HELEN ALLEN,  )
JACQUELINE BARRON,  )   Case No. 14-CV-08708
THERESA BOSAN, SHRANDA  )
CAMPBELL, KETURAH CARTER,  )   JUDGE SHARON JOHNSON COLEMAN
MICHELLE DAHN, TONYA EXUM,  )
JEANNETTE GARDNER, ARLENE  )   Jury Trial Demanded
GOFORTH, CHRISTINE HARRIS,  )
ORISSA HENRY, LAWANDA JORDAN,  )
DANIELLE KUDIRKA, TERRI LEWIS-  )
BLEDSOE, CONSTANCE MADISON,  )
CEPHANI MILLER, MIYOSHI MORRIS,  )
STEPHANIE SZOT, SHIRLEY THOMAS-  )
MOORE, ROSE THOMAS, TONI  )
WILLIAMS, BERNADETTE CLYBURN,  )
MARTHA CORBIN, ANGELA GLENN,  )
LADWYNA HOOVER, OGERY  )
LEDBETTER, LATRICIA SHANKLIN,  )
ANTOINETTE SULLIVAN,  )
DERRICKA THOMAS, and NICHEA  )
WALLS, each individually and on behalf of  )
similarly situated persons,  )
  )
      Plaintiffs,  )
  )
    v.  )
  )
FORD MOTOR COMPANY,  )
  )
      Defendant.  )

**DEFENDANT FORD MOTOR COMPANY'S ANSWER
TO COUNTS 39-92 OF SECOND AMENDED CLASS ACTION COMPLAINT
FOR INJUNCTIVE, MONETARY AND CLASS WIDE RELIEF**

In light of the Court's Order dated October 12, 2016 (the "10/12/16 Order," Dkt. 92) and

minute entry of October 18 (Dkt. 93), Defendant Ford Motor Company ("Ford" or "Defendant")

hereby answers Counts 39-92 of Plaintiffs' Second Amended Class Action Complaint for

Injunctive, Monetary and Class Wide Relief (the "SAC," Dkt. 59), which relate to Plaintiffs' assault and battery claims.[1]  Ford incorporates the balance of its previously filed Answer to the SAC (dated 5/27/16, Dkt. 70), including its responses to paragraphs 1-519 (Counts 1-38) and paragraphs 815-970 (Counts 93-123) of the SAC, as well as its defenses, as if fully set forth herein.

## ALLEGATIONS COMMON TO PLAINTIFFS' INTENTIONAL TORT CLAIMS

520.    Many of the Named Plaintiffs have been assaulted by or battered by male supervisory employees while employed at Ford Motor Company between 2012 and the present.

**ANSWER:**    Ford denies the allegations in paragraph 520.

521.    Ford was aware of intentional, offensive touching occurring by its supervisors and male co-workers toward the Plaintiffs.

**ANSWER:**    Ford denies the allegations in paragraph 521.  Ford avers only that one or more of the Plaintiffs have claimed that they were subject to such conduct.

522.    Since at least 2012, Ford has received dozens of complaints by women of unwelcome, unwanted, harmful or offensive touching or threatened touching.

**ANSWER:**    Ford admits only that between 2012 and the present Ford has received complaints containing allegations of touching or threatened touching which the complaining party described as unwelcome, unwanted, harmful or offensive.   Ford denies the remaining allegations in paragraph 522.

523.    Ford has not done anything to remedy this environment.

---

[1] Ford previously answered all Counts in the SAC, other than the assault and battery Counts 39-92 (Dkt. 70 at 203). At that time, Ford also moved to dismiss the assault and battery Counts (Dkt. 67).  The Court's 10/12/16 Order denied that motion to dismiss (Dkt. 92, denying Ford's Partial Motion to Dismiss on Counts 39-92).

**ANSWER:** Ford denies the allegations in paragraph 523, including but not limited to the implication that an environment of assault and battery exists at the two Chicago facilities.

524. By failing and refusing to discipline employees who commit battery, assault or other intentional torts, Ford has expressly or tacitly condoned the commission of intentional torts in the workplace.

**ANSWER:** Ford denies the allegations in paragraph 524, including but not limited to the allegations that Ford employees commit battery, assault or other intentional torts, that Ford has failed or refused to discipline employees who commit battery, assault or other intentional torts and that Ford has expressly or tacitly condoned such conduct in the workplace.

525. In many instances, the intentional tortious conduct (assaults and batteries) were committed by management, while in other situations, such acts were committed in the presence of management without repercussion.

**ANSWER:** Ford denies the allegations in paragraph 525.

526. Ford's sexually harassing Supervisors, including George Melchor, have explicitly stated to EEOC investigators that top management in Detroit "has a lot of money invested in the [Chicago Assembly Plant] and operates the plant "like a family."

**ANSWER:** Ford denies the allegations in paragraph 526.

527. Despite this, Ford's highest level supervisors, including Detroit-based Labor Relations Director, Jim Larese, have been informed of ongoing offensive touching and groping at Ford's Chicago plants.

**ANSWER:** Ford denies the allegations in paragraph 527. Ford avers that Larese may

be aware of some allegations made in which the complaining party described alleged touching or groping as offensive.

528.    Instead of taking swift remedial action to stop ongoing batteries and assaults, Larese instructed then-UAW Building Chairman Grant Morton that "your people better stop complaining."

**ANSWER:**    Ford denies the allegations in paragraph 528.

529.    At the Assembly Plant, Labor Relations Representatives Natalie Dahrenger and Fluretta Drummer emphasized to Grant Morton that getting plaintiffs to drop their EEOC charges was a bigger priority than resolving ongoing batteries and assaults.

**ANSWER:**    Ford denies the allegations in paragraph 529.

530.    By management committing intentional tortious acts (assaults and batteries), and by permitting such acts to occur without repercussion, Ford has actively and effectively encouraged such behavior in the workplace.

**ANSWER:**    Ford denies the allegations in paragraph 530.

531.    Upper-level Supervisors have groped touched and battered women or attempted to grope, touch or batter women.  Examples include but are not limited to:

a.    Superintendent Myron Alexander (battered and/or assaulted Gardner, Dahn, Corbin, Ledbetter, Lewis-Bledsoe, Shanklin, Morris) and Supervisors underneath him, including Melchor (Dahn);

b.    Superintendent Darryl Gallowy (Kudirka);

c.    Superintendent Robert Devine (multiple women);

4

    d.      Supervisor (recently promoted to Superintendent) Jeff Bivens (Hoover);

    e.      Supervisor Buck Owens (Leviege and Jordan);

    f.      Supervisor Robert Powell (Bosan, Glenn and Williams);

    g.      Supervisor Rich Murray (Campbell);

    h.      Supervisor Mike Reese (Van; Walls);

    i.      Team Leader Ron Woods (Goforth);

    j.      Team Leader Ken Millender (Exum);

    k.      Team Leader Lance Caldman (Dahn);

    l.      Team Leader Tony (last name presently unknown) (Harris);

    m.      Union Chairperson Coby Millender (Morris and multiple other women).

**ANSWER:**    Ford denies the allegations in paragraph 531, including sub-parts a-m. Ford further denies that the listed employees in paragraphs (a)-(m) were upper-level supervisors and/or were supervisors at all. Ford avers that team leaders are hourly employees.

532.    These managers had authority to establish working conditions, make employment decisions and set policy within their departments and on behalf of Ford.

**ANSWER:**    Ford denies the allegations in paragraph 532. Ford avers that supervisors and managers assist in the management of Ford's daily operations at the two Chicago facilities consistent with the terms of the collective bargaining agreement. Ford further avers that team leaders are hourly employees.

533.    In setting this policy, many of these managers took a position that by virtue of their supervisory authority at Ford, they "owned" female employees and could touch them as they pleased, including making explicit statements to many of the Named Plaintiffs, including

but not limited to

      a.     Superintendent Myron Alexander told Ogery Ledbetter that he was going to grope her buttocks and "there isn't anything you can do to stop me;"

      b.     Supervisor Robert Powell told Angela Glenn: "you belong to me now;"

      c.     Team Leader Tony told Christine Harris: "Get used to it. I do it (forcefully grab and dry hump) to all the girls and I'm going to keep doing it to you."

**ANSWER:**   Ford denies the allegations in paragraph 533, including sub-parts (a)-(c). Ford further avers that team leaders are hourly employees.

    534.   Ford is and was aware of numerous specific instances of men offensively and aggressively touching and assaulting women but plant policy was not to take action to stop ongoing workplace violence or sexual violence toward women.

**ANSWER:**   Ford denies the allegations in paragraph 534.

    535.   Despite that the Illinois Legislature has equipped Ford to obtain an Order of Protection for victims of workplace batteries and assaults pursuant to the Illinois Violence in the Workplace Prevention Act, Ford has not taken out an Order of Protection for the benefit of any of the named Plaintiffs.

**ANSWER:**   Ford admits that it has not taken out orders of protection for the benefit of any of the Named Plaintiffs. Ford denies that it had an obligation to do so. Ford denies any remaining allegations in paragraph 535.

    536.   Instead, Ford has established a policy by which it actively has interfered with Plaintiffs obtaining Orders of Protection from the police for batteries, assaults and other acts of workplace violence they have suffered at Ford.

**ANSWER:**    Ford denies the allegations in paragraph 536.

537.    By way of example, Supervisor Buck Owens battered Charmella Leviege when he fondled her breast at work.

**ANSWER:**    Ford denies the allegations in paragraph 537.

538.    Leviege sought to file a police report against Buck Owens at work, but Ford interfered, refused to permit Plaintiff to make a full statement to the police on work premises and effectively prevented Leviege from obtaining an Order of Protection.

**ANSWER:**    Ford denies the allegations in paragraph 538.

539.    Ford actively protected Owens so that he could go on to batter, assault and offend other women, including but not limited to Named Plaintiffs Lawanda Jordan and Shirley Thomas-Moore.

**ANSWER:**    Ford denies the allegations in paragraph 539.

540.    Ford's policy within its Chicago-based plants has been to thwart outside enforcement agencies such as the police and EEOC from interfering with ongoing batteries and assaults committed by its Supervisory and other male personnel.

**ANSWER:**    Ford denies the allegations in paragraph 540.

541.    This continued to be true when known sexual predator, Superintendent Myron Alexander forcibly attacked and terrorized Supervisor Jeannette Gardner in order to "make an example" out of her in front of other Supervisors.

**ANSWER:**    Ford denies the allegations in paragraph 541.

542.    Ford did not stop Alexander from continuing to batter and assault women, but instead did everything it could to bury their complaints, terminate their employment and keep Myron on the payroll − even if it meant permitting him to batter, assault and molest more than one-half dozen female employees.

**ANSWER:**    Ford denies the allegations in paragraph 542.

543.    From 2012 at least until this lawsuit was filed in 2014, Ford's actual policy was to permit and condone batteries and assaults in its Assembly and Stamping plants and to condone and protect the tortious activity of its assailants who committed such acts.

**ANSWER:**    Ford denies the allegations in paragraph 543.

544.    The intentional assaults and batteries caused to the named Plaintiffs in the Counts below are intentional torts committed as a result of Ford policy.

**ANSWER:**    Ford denies the allegations in paragraph 544.

### COUNT 39
### BATTERY
### (CHRISTIE VAN)

545.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-173, and 504-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-173 and 504-544 as if fully set forth herein.

546.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 546.

547. Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:** Ford denies the allegations in paragraph 547, including but not limited to the allegation that Van suffered a battery.

548. The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:** Ford denies the allegations in paragraph 548.

549. As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:** Ford denies that Van suffered any actionable injury or that she is entitled to recover hereunder. Ford denies the remaining allegations in Paragraph 549.

## COUNT 40
## BATTERY
## (CHARMELLA LEVIEGE)

550. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-162, 174-181 and 520-544 as and for this paragraph.

**ANSWER:** Ford incorporates its responses to paragraphs 1-162, 174-181 and 520-544 as if fully set forth herein.

551. Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:** Ford denies the allegations in paragraph 551.

552.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 552, including but not limited to the allegation that Leviege suffered a battery.

553.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 553.

554.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Leviege suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 554.

**COUNT 41**
**BATTERY**
**(MARIA PRICE)**

555.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-162, 182-190 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-162, 182-190 and 520-544 as if fully set forth herein.

556.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 556.

557.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 557, including but not limited to the allegation that Price suffered a battery.


558.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 558.


559.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Price suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 559.


### COUNT 42
### BATTERY
### (HELEN ALLEN)

560.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-162, 191-197, and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraph 1-162, 191-197 and 520-544 as if fully set forth herein.


561.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 561.

562.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 562, including but not limited to the allegation that Allen suffered a battery.

563.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 563.

564.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Allen suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 564.

## COUNT 43
## BATTERY
## (THERESA BOSAN)

565.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 205-214 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 205-214 and 520-544 as if fully set forth herein.

566.    Plaintiff was subjected to a harmful or offensive touching without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 566.

567.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 567, including but not limited to the allegation that Bosan suffered a battery.

568.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 568.

569.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Bosan suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 569.

## COUNT 44
## BATTERY
## (SHRANDA CAMPBELL)

570.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-162, 215-221 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraph 1-162, 215-221 and 520-544 as if fully set forth herein.

571.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 571.

572.     Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**     Ford denies the allegations in paragraph 572, including but not limited to the allegation that Campbell suffered a battery.

573.     The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**     Ford denies the allegations in paragraph 573.

574.     As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**     Ford denies that Campbell suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 574.

## COUNT 45
## BATTERY
## (KETURAH CARTER)

575.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 222-236 and 520-544 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111, 222-236 and 520-544 as if fully set forth herein.

576.     Plaintiff was subjected to a harmful or offensive touching without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**     Ford denies the allegations in paragraph 576.

14

577.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 577, including but not limited to the allegation that Carter suffered a battery.


578.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 578.


579.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Carter suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 579.


## COUNT 46
## BATTERY
## (MICHELLE DAHN)

580.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 237-243 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 237-243 and 520-544 as if fully set forth herein.


581.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 581.

15

582.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 582, including but not limited to the allegation that Dahn suffered a battery.

583.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 583.

584.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Dahn suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 584.

## COUNT 47
## BATTERY
### (TONYA EXUM)

585.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-162, 244-250 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-162, 244-250 and 520-544 as if fully set forth herein.

586.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 586.

16

587.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 587, including but not limited to the allegation that Exum suffered a battery.

588.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 588.

589.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Exum suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 589.

## COUNT 48
## BATTERY
### (JEANNETTE GARDNER)

590.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 251-257 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 251-257 and 520-544 as if fully set forth herein.

591.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 591.

592.     Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**     Ford denies the allegations in paragraph 592, including but not limited to the allegation that Gardner suffered a battery.


593.     The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**     Ford denies the allegations in paragraph 593.


594.     As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**     Ford denies that Gardner suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 594.


## COUNT 49
## BATTERY
## (ARLENE GOFORTH)

595.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 258-264 and 520-544 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111, 258-264 and 520-544 as if fully set forth herein.


596.     Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**     Ford denies the allegations in paragraph 596.

597.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 597, including but not limited to the allegation that Goforth suffered a battery.

598.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 598.

599.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Goforth suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 599.

**COUNT 50**
**BATTERY**
**(CHRISTINE HARRIS)**

600.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 265-271 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 265-271 and 520-544 as if fully set forth herein.

601.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 601.

19

602.     Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**     Ford denies the allegations in paragraph 602, including but not limited to the allegation that Harris suffered a battery.

603.     The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**     Ford denies the allegations in paragraph 603.

604.     As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**     Ford denies that Harris suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 604.

## COUNT 51
## BATTERY
## (DANIELLE KUDIRKA)

605.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 299-305, 493-503, and 520-544 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111, 299-305, 493-503 and 520-544 as if fully set forth herein.

606.     Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**     Ford denies the allegations in paragraph 606.

607.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 607, including but not limited to the allegation that Kudirka suffered a battery.

608.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 608.

609.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Kudirka suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 609.

**COUNT 52**
**BATTERY**
**(TERRI LEWIS-BLEDSOE)**

610.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 306-313 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 306-313 and 520-544 as if fully set forth herein.

611.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 611.

21

612.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 612, including but not limited to the allegation that Lewis-Bledsoe suffered a battery.

613.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 613.

614.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Lewis-Bledsoe suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 614.

## COUNT 53
## BATTERY
## (MIYOSHI MORRIS)

615.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-162, 345-351 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-162, 345-351 and 520-544 as if fully set forth herein.

616.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 616.

617.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 617, including but not limited to the allegation that Morris suffered a battery.

618.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 618.

619.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Morris suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 619.

**COUNT 54**
**BATTERY**
**(STEPHANIE SZOT)**

620.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 352-358 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 352-358 and 520-544 as if fully set forth herein.

621.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 621.

622.     Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**     Ford denies the allegations in paragraph 622, including but not limited to the allegation that Szot suffered a battery.


623.     The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**     Ford denies the allegations in paragraph 623.


624.     As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**     Ford denies that Szot suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 624.


# COUNT 55
## BATTERY
### (MARTHA CORBIN)

625.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111 and 520-544 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111 and 520-544 as if fully set forth herein.


626.     Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**     Ford denies the allegations in paragraph 626.

627.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 627, including but not limited to the allegation that Corbin suffered a battery.

628.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 628.

629.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Corbin suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 629.

## COUNT 56
## BATTERY
## (ANGELA GLENN)

630.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 389-403 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 389-403 and 520-544 as if fully set forth herein.

631.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 631.

632.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 632, including but not limited to the allegation that Glenn suffered a battery.

633.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 633.

634.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Glenn suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 634.

## COUNT 57
## BATTERY
## (LADWYNA HOOVER)

635.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 404-410 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 404-410 and 520-544 as if fully set forth herein.

636.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 636.

26

637.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 637, including but not limited to the allegation that Hoover suffered a battery.

638.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 638.

639.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Hoover suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 639.

**COUNT 58**
**BATTERY**
**(OGERY LEDBETTER)**

640.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 411-439 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 411-439 and 520-544 as if fully set forth herein.

641.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 641.

642.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 642, including but not limited to the allegation that Ledbetter suffered a battery.

643.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 643.

644.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Ledbetter suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 644.

## COUNT 59
## BATTERY
## (DERRICKA THOMAS)

645.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 471-478 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 471-478 and 520-544 as if fully set forth herein.

646.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 646.

28

647.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 647, including but not limited to the allegation that Thomas suffered a battery.

648.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 648.

649.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Thomas suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 649.

## COUNT 60
## BATTERY
## (NICHEA WALLS)

650.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 479-492 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 479-492 and 520-544 as if fully set forth herein.

651.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 651.

652.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 652, including but not limited to the allegation that Walls suffered a battery.

653.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 653.

654.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Walls suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 654.

## COUNT 61
## BATTERY
## (LATRICIA SHANKLIN)

655.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-111, 440-458 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 440-458 and 520-544 as if fully set forth herein.

656.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

**ANSWER:**    Ford denies the allegations in paragraph 656.

30

657.    Defendant took no steps to prevent Plaintiff from suffering a battery.

**ANSWER:**    Ford denies the allegations in paragraph 657, including but not limited to the allegation that Shanklin suffered a battery.

658.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

**ANSWER:**    Ford denies the allegations in paragraph 658.

659.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**ANSWER:**    Ford denies that Shanklin suffered any actionable injury or that she is entitled to recover hereunder.  Ford denies the remaining allegations in Paragraph 659.

**COUNT 62**
**ASSAULT**
**(CHRISTIE VAN)**

660.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 163-173 and 504-549 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 163-173, and 504-549 as if fully set forth herein.

661.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**    Ford denies that it engaged in any acts of assault as alleged in paragraph 661.

31

662.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate battery or harmful or offensive touching.

**ANSWER:**    Ford denies the allegations in paragraph 662 and denies that it engaged in any acts of assault.

663.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**    Ford denies the allegations in paragraph 663 and denies that it engaged in any acts of assault.

664.    As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**    Ford denies that Van has suffered any damages or that she is entitled to any recovery.

## COUNT 63
## ASSAULT
## (CHARMELLA LEVIEGE)

665.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 174-181, 520-544 and 550-554 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 174-181, 520-544 and 550-554 as if fully set forth herein.

666.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**    Ford denies that it engaged in any acts of assault as alleged in paragraph 666.

667.     These acts placed Plaintiff in fear or reasonable apprehension of an immediate battery or harmful or offensive touching.

**ANSWER:**     Ford denies the allegations in paragraph 667 and denies that it engaged in any acts of assault.

668.     Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**     Ford denies the allegations in paragraph 668 and denies that it engaged in any acts of assault.

669.     As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**     Ford denies that Leviege has suffered any damages or that she is entitled to any recovery.

## COUNT 64
## ASSAULT
### (MARIA PRICE)

670.     The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 182-190, 520-544 and 555-559 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111, 182-190, 520-544 and 555-559 as if fully set forth herein.

671.     The foregoing acts by the Defendant were done intentionally.

**ANSWER:**     Ford denies that it engaged in any acts of assault as alleged in paragraph 671.

672.     These acts placed Plaintiff in fear or reasonable apprehension of an immediate battery or harmful or offensive touching.

**ANSWER:**     Ford denies the allegations in paragraph 672 and denies that it engaged in any acts of assault.

673.     Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**     Ford denies the allegations in paragraph 673 and denies that it engaged in any acts of assault.

674.     As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**     Ford denies that Price has suffered any damages or that she is entitled to any recovery.

## COUNT 65
## ASSAULT
### (HELEN ALLEN)

675.     The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 191-197, 520-544 and 560-564 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111, 191-197, 520-544 and 560-564 as if fully set forth herein.

676.     The foregoing acts by the Defendant were done intentionally.

**ANSWER:**     Ford denies that it engaged in any acts of assault as alleged in paragraph 676.

677.     These acts placed Plaintiff in fear or reasonable apprehension of an immediate battery or harmful or offensive touching.

**ANSWER:**     Ford denies the allegations in paragraph 677 and denies that it engaged in any acts of assault.

678.     Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**     Ford denies the allegations in paragraph 678 and denies that it engaged in any acts of assault.

679.     As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**     Ford denies that Allen has suffered any damages or that she is entitled to any recovery.

**COUNT 66**
**ASSAULT**
**(THERESA BOSAN)**

680.     The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 205-214, 520-544 and 565-569 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111, 205-214, 520-544 and 565-569 as if fully set forth herein.

681.     The foregoing acts by the Defendant were done intentionally.

**ANSWER:**     Ford denies that it engaged in any acts of assault as alleged in paragraph 681.

682.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate battery or harmful or offensive touching.

**ANSWER:**    Ford denies the allegations in paragraph 682 and denies that it engaged in any acts of assault.

683.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**    Ford denies the allegations in paragraph 683 and denies that it engaged in any acts of assault.

684.    As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**    Ford denies that Bosan has suffered any damages or that she is entitled to any recovery.

### COUNT 67
### ASSAULT
### (SHRANDA CAMPBELL)

685.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 205-214, 520-544 and 570-574 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 205-214, 520-544 and 570-574 as if fully set forth herein.

686.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**    Ford denies that it engaged in any acts of assault as alleged in paragraph 686.

36

687.     These acts placed Plaintiff in fear or reasonable apprehension of an immediate battery or harmful or offensive touching.

**ANSWER:**     Ford denies the allegations in paragraph 687 and denies that it engaged in any acts of assault.

688.     Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**     Ford denies the allegations in paragraph 688 and denies that it engaged in any acts of assault.

689.     As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**     Ford denies that Campbell has suffered any damages or that she is entitled to any recovery.

## COUNT 68
## ASSAULT
## (KETURAH CARTER)

690.     The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 222-236, 520-544 and 575-579 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111, 222-236, 520-544 and 575-579 as if fully set forth herein.

691.     The foregoing acts by the Defendant were done intentionally.

**ANSWER:**     Ford denies that it engaged in any acts of assault as alleged in paragraph 691.

692.     These acts placed Plaintiff in fear or reasonable apprehension of an immediate battery or harmful or offensive touching.

**ANSWER:**     Ford denies the allegations in paragraph 692 and denies that it engaged in any acts of assault.

693.     Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**     Ford denies the allegations in paragraph 693 and denies that it engaged in any acts of assault.

694.     As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**     Ford denies that Carter has suffered any damages or that she is entitled to any recovery.

**COUNT 69**
**ASSAULT**
**(MICHELLE DAHN)**

695.     The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 237-243, 520-544 and 580-584 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111, 237-243, 520-544 and 580-584 as if fully set forth herein.

696.     The foregoing acts by the Defendant were done intentionally.

**ANSWER:**     Ford denies that it engaged in any acts of assault as alleged in paragraph 696.

697.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate battery or harmful or offensive touching.

**ANSWER:**    Ford denies the allegations in paragraph 697 and denies that it engaged in any acts of assault.

698.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**    Ford denies the allegations in paragraph 698 and denies that it engaged in any acts of assault.

699.    As a direct and proximate result of Defendant's conduct, Plaintiff was damaged.

**ANSWER:**    Ford denies that Dahn has suffered any damages or that she is entitled to any recovery.

## COUNT 70
## ASSAULT
## (TONYA EXUM)

700.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-162, 244-250, 520-544 and 585-589 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-162, 244-250, 520-544 and 585-589 as if fully set forth herein.

701.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**    Ford denies that it engaged in any acts of assault as alleged in paragraph 701.

702.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:** Ford denies the allegations in paragraph 702 and denies that it engaged in any acts of assault.

703. Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:** Ford denies the allegations in paragraph 703 and denies that it engaged in any acts of assault.

704. As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:** Ford denies that Exum has suffered any damages or that she is entitled to any recovery.

## COUNT 71
## ASSAULT
## (JEANNETTE GARDNER)

705. The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 251-257, 520-544 and 590-594 as and for this paragraph.

**ANSWER:** Ford incorporates its responses to paragraphs 1-111, 251-257, 520-544 and 590-594 as if fully set forth herein.

706. The foregoing acts by the Defendant were done intentionally.

**ANSWER:** Ford denies that it engaged in any acts of assault as alleged in paragraph 706.

707. These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**     Ford denies the allegations in paragraph 707 and denies that it engaged in any acts of assault.


708.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**     Ford denies the allegations in paragraph 708 and denies that it engaged in any acts of assault.


709.    As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**     Ford denies that Gardner has suffered any damages or that she is entitled to any recovery.


**COUNT 72**
**ASSAULT**
**(ARLENE GOFORTH)**

710.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 258-264, 520-544 and 595-599 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111, 258-264, 520-544 and 595-599 as if fully set forth herein.


711.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**     Ford denies that it engaged in any acts of assault as alleged in paragraph 711.


712.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**     Ford denies the allegations in paragraph 712 and denies that it engaged in any acts of assault.

713.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**     Ford denies the allegations in paragraph 713 and denies that it engaged in any acts of assault.

714.    As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**     Ford denies that Goforth has suffered any damages or that she is entitled to any recovery.

## COUNT 73
## ASSAULT
## (CHRISTINE HARRIS)

715.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 265-271, 520-544 and 600-604 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111, 265-271, 520-544 and 600-604 as if fully set forth herein.

716.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**     Ford denies that it engaged in any acts of assault as alleged in paragraph 716.

717.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**    Ford denies the allegations in paragraph 717 and denies that it engaged in any acts of assault.

718.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**    Ford denies the allegations in paragraph 718 and denies that it engaged in any acts of assault.

719.    As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**    Ford denies that Harris has suffered any damages or that she is entitled to any recovery.

## COUNT 74
## ASSAULT
## (ORISSA HENRY)

720.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 272-278 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 272-278 and 520-544 as if fully set forth herein.

721.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**    Ford denies that it engaged in any acts of assault as alleged in paragraph 721.

722.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**     Ford denies the allegations in paragraph 722 and denies that it engaged in any acts of assault.

723.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**     Ford denies the allegations in paragraph 723 and denies that it engaged in any acts of assault.

724.    As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**     Ford denies that Henry has suffered any damages or that she is entitled to any recovery.

## COUNT 75
## ASSAULT
## (LAWANDA JORDAN)

725.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 520-544 and 279-298 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111, 520-544 and 279-298 as if fully set forth herein.

726.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**     Ford denies that it engaged in any acts of assault as alleged in paragraph 726.

727.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate

44

battery or harmful or offensive touching.

**ANSWER:** Ford denies the allegations in paragraph 727 and denies that it engaged in any acts of assault.

728. Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:** Ford denies the allegations in paragraph 728 and denies that it engaged in any acts of assault.

729. As a direct and proximate result of the Defendant's conduct, the Plaintiff was damaged.

**ANSWER:** Ford denies that Jordan has suffered any damages or that she is entitled to any recovery.

## COUNT 76
## ASSAULT
## (DANIELLE KUDIRKA)

730. The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 299-305, 493-503, 520-544 and 605-609 as and for this paragraph.

**ANSWER:** Ford incorporates its responses to paragraphs 1-111, 299-305, 493-503, 520-544 and 605-609 as if fully set forth herein.

731. The foregoing acts by the Defendant were done intentionally.

**ANSWER:** Ford denies that it engaged in any acts of assault as alleged in paragraph 731.

732. These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:** Ford denies the allegations in paragraph 732 and denies that it engaged in any acts of assault.

733. Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:** Ford denies the allegations in paragraph 733 and denies that it engaged in any acts of assault.

734. As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:** Ford denies that Kudirka has suffered any damages or that she is entitled to any recovery.

**COUNT 77**
**ASSAULT**
**(TERRI LEWIS-BLEDSOE)**

735. The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 306-313, 520-544 and 610-614 as and for this paragraph.

**ANSWER:** Ford incorporates its responses to paragraphs 1-111, 306-313, 520-544 and 610-614 as if fully set forth herein.

736. The foregoing acts by the Defendant were done intentionally.

**ANSWER:** Ford denies that it engaged in any acts of assault as alleged in paragraph 736.

737. These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:** Ford denies the allegations in paragraph 737 and denies that it engaged in any acts of assault.

738. Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:** Ford denies the allegations in paragraph 738 and denies that it engaged in any acts of assault.

739. As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:** Ford denies that Lewis-Bledsoe has suffered any damages or that she is entitled to any recovery.

## COUNT 78
## ASSAULT
### (CONSTANCE MADISON)

740. The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111 and 520-544 as and for this paragraph.

**ANSWER:** Ford incorporates its responses to paragraphs 1-111 and 520-544 as if fully set forth herein.

741. The foregoing acts by the Defendant were done intentionally.

**ANSWER:** Ford denies that it engaged in any acts of assault as alleged in paragraph 741.

742. These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**    Ford denies the allegations in paragraph 742 and denies that it engaged in any acts of assault.

743.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**    Ford denies the allegations in paragraph 743 and denies that it engaged in any acts of assault.

744.    As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**    Ford denies that Madison has suffered any damages or that she is entitled to any recovery.

## COUNT 79
## ASSAULT
### (CEPHANI MILLER)

745.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 322-344 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 322-344 and 520-544 as if fully set forth herein

746.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**    Ford denies that it engaged in any acts of assault as alleged in paragraph 746.

747.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**    Ford denies the allegations in paragraph 747 and denies that it engaged in any acts of assault.

748.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**    Ford denies the allegations in paragraph 748 and denies that it engaged in any acts of assault.

749.    As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**    Ford denies that Miller has suffered any damages or that she is entitled to any recovery.

## COUNT 80
## ASSAULT
## (MIYOSHI MORRIS)

750.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-162, 345-351, 520-544 and 615-619 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-162, 345-351, 520-544 and 615-619 as if fully set forth herein.

751.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**    Ford denies that it engaged in any acts of assault as alleged in paragraph 751.

752.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:** Ford denies the allegations in paragraph 752 and denies that it engaged in any acts of assault.

753. Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:** Ford denies the allegations in paragraph 753 and denies that it engaged in any acts of assault.

754. As a direct and proximate result of the Defendant's conduct, the Plaintiff was damaged.

**ANSWER:** Ford denies that Morris has suffered any damages or that she is entitled to any recovery.

## COUNT 81
## ASSAULT
## (STEPHANIE SZOT)

755. The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 352-358, 520-544 and 620-624 as and for this paragraph.

**ANSWER:** Ford incorporates its responses to paragraphs 1-111, 352-358, 520-544 and 620-624 as if fully set forth herein.

756. The foregoing acts by the Defendant were done intentionally.

**ANSWER:** Ford denies that it engaged in any acts of assault as alleged in paragraph 756.

757. These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:** Ford denies the allegations in paragraph 757 and denies that it engaged in any acts of assault.

758. Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:** Ford denies the allegations in paragraph 758 and denies that it engaged in any acts of assault.

759. As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:** Ford denies that Szot has suffered any damages or that she is entitled to any recovery.

### COUNT 82
### ASSAULT
### (LATRICIA SHANKLIN)

760. The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 440-458, 520-544 and 655-659 as and for this paragraph.

**ANSWER:** Ford incorporates its responses to paragraphs 1-111, 440-458, 520-544 and 655-659 as if fully set forth herein.

761. The foregoing acts by the Defendant were done intentionally.

**ANSWER:** Ford denies that it engaged in any acts of assault as alleged in paragraph 761.

762. These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:** Ford denies the allegations in paragraph 762 and denies that it engaged in any acts of assault.

763. Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:** Ford denies the allegations in paragraph 763 and denies that it engaged in any acts of assault

764. As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:** Ford denies that Shanklin has suffered any damages or that she is entitled to any recovery.

## COUNT 83
## ASSAULT
## (SHIRLEY THOMAS-MOORE)

765. The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 359-365 and 520-544 as and for this paragraph.

**ANSWER:** Ford incorporates its responses to paragraphs 1-111, 359-365 and 520-544 as if fully set forth herein.

766. The foregoing acts by the Defendant were done intentionally.

**ANSWER:** Ford denies that it engaged in any acts of assault as alleged in paragraph 766.

767. These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**    Ford denies the allegations in paragraph 767 and denies that it engaged in any acts of assault.

768.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**    Ford denies the allegations in paragraph 768 and denies that it engaged in any acts of assault.

769.    As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**    Ford denies that Thomas-Moore has suffered any damages or that she is entitled to any recovery.

## COUNT 84
## ASSAULT
### (ROSE THOMAS)

770.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 366-372 and 520-544 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 366-372 and 520-544 as if fully set forth herein.

771.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**    Ford denies that it engaged in any acts of assault as alleged in paragraph 771.

772.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**     Ford denies the allegations in paragraph 772 and denies that it engaged in any acts of assault.

773.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**     Ford denies the allegations in paragraph 773 and denies that it engaged in any acts of assault.

774.    As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**     Ford denies that Thomas has suffered any damages or that she is entitled to any recovery.

## COUNT 85
## ASSAULT
## (TONI WILLIAMS)

775.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 373-381 and 520-544 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111, 373-381 and 520-544 as if fully set forth herein.

776.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**     Ford denies that it engaged in any acts of assault as alleged in paragraph 776.

777.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:** Ford denies the allegations in paragraph 777 and denies that it engaged in any acts of assault.

778. Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:** Ford denies the allegations in paragraph 778 and denies that it engaged in any acts of assault.

779. As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:** Ford denies that Williams has suffered any damages or that she is entitled to any recovery.

**COUNT 86**
**ASSAULT**
**(BERNADETTE CLYBURN)**

780. The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-162, 382-388 and 520-544 as and for this paragraph.

**ANSWER:** Ford incorporates its responses to paragraphs 1-162, 382-388 and 520-544 as if fully set forth herein.

781. The foregoing acts by the Defendant were done intentionally.

**ANSWER:** Ford denies that it engaged in any acts of assault as alleged in paragraph 781.

782. These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**    Ford denies the allegations in paragraph 782 and denies that it engaged in any acts of assault.

783.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**    Ford denies the allegations in paragraph 783 and denies that it engaged in any acts of assault.

784.    As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**    Ford denies that Clyburn has suffered any damages or that she is entitled to any recovery.

## COUNT 87
## ASSAULT
## (MARTHA CORBIN)

785.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 520-544 and 625-629 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 520-544 and 625-629 as if fully set forth herein.

786.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**    Ford denies that it engaged in any acts of assault as alleged in paragraph 786.

787.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**     Ford denies the allegations in paragraph 787 and denies that it engaged in any acts of assault.

788.     Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**     Ford denies the allegations in paragraph 788 and denies that it engaged in any acts of assault.

789.     As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**     Ford denies that Corbin has suffered any damages or that she is entitled to any recovery.

## COUNT 88
## ASSAULT
## (ANGELA GLENN)

790.     The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 389-403, 520-544 and 630-634 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111, 389-403, 520-544 and 630-634 as if fully set forth herein.

791.     The foregoing acts by the Defendant were done intentionally.

**ANSWER:**     Ford denies that it engaged in any acts of assault as alleged in paragraph 791.

792.     These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**    Ford denies the allegations in paragraph 792 and denies that it engaged in any acts of assault.

793.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**    Ford denies the allegations in paragraph 793 and denies that it engaged in any acts of assault.

794.    As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**    Ford denies that Glenn has suffered any damages or that she is entitled to any recovery.

## COUNT 89
## ASSAULT
## (LADWYNA HOOVER)

795.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 404-410, 520-544, and 635-639 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 404-410, 520-544, and 635-639 as if fully set forth herein.

796.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**    Ford denies that it engaged in any acts of assault as alleged in paragraph 796.

797.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**     Ford denies the allegations in paragraph 797 and denies that it engaged in any acts of assault.

798.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**     Ford denies the allegations in paragraph 798 and denies that it engaged in any acts of assault.

799.    As direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**     Ford denies that Hoover has suffered any damages or that she is entitled to any recovery.

### COUNT 90
### ASSAULT
### (OGERY LEDBETTER)

800.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 411-439, 520-544 and 640-644 as and for this paragraph.

**ANSWER:**     Ford incorporates its responses to paragraphs 1-111, 411-439, 520-544 and 640-644 as if fully set forth herein.

801.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**     Ford denies that it engaged in any acts of assault as alleged in paragraph 801.

802.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**    Ford denies the allegations in paragraph 802 and denies that it engaged in any acts of assault.

803.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**    Ford denies the allegations in paragraph 803 and denies that it engaged in any acts of assault.

804.    As direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**    Ford denies that Ledbetter has suffered any damages or that she is entitled to any recovery.

## COUNT 91
## ASSAULT
## (DERRICKA THOMAS)

805.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 471-478, 520-544 and 645-649 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 471-478, 520-544 and 645-649 as if fully set forth herein.

806.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**    Ford denies that it engaged in any acts of assault as alleged in paragraph 806.

807.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**    Ford denies the allegations in paragraph 807 and denies that it engaged in any acts of assault.

808.    Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**    Ford denies the allegations in paragraph 808 and denies that it engaged in any acts of assault.

809.    As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**    Ford denies that Thomas has suffered any damages or that she is entitled to any recovery.

## COUNT 92
## ASSAULT
## (NICHEA WALLS)

810.    The Plaintiff adopts, realleges and incorporates by reference all of the allegations in paragraphs 1-111, 479-492, 520-544 and 650-654 as and for this paragraph.

**ANSWER:**    Ford incorporates its responses to paragraphs 1-111, 479-492, 520-544 and 650-654 as if fully set forth herein.

811.    The foregoing acts by the Defendant were done intentionally.

**ANSWER:**    Ford denies that it engaged in any acts of assault as alleged in paragraph 811.

812.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate

battery or harmful or offensive touching.

**ANSWER:**  Ford denies the allegations in paragraph 812 and denies that it engaged in any acts of assault.

813.  Defendant took no steps to prevent Plaintiff from being assaulted.

**ANSWER:**  Ford denies the allegations in paragraph 813 and denies that it engaged in any acts of assault.

814.  As a direct and proximate result of the Defendants conduct, the Plaintiff was damaged.

**ANSWER:**  Ford denies that Walls has suffered any damages or that she is entitled to any recovery.

DATED:  October 31, 2016

Respectfully submitted,

/s/ Kathleen M. Nemechek
Kathleen M. Nemechek, ND Ill. # 50139
Timothy S. Millman, ND. Ill. # 44398

Eugene Scalia (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539

BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888

Mark H. Boyle, ARDC # 6200934
Karen Kies DeGrand, ARDC # 6191140
DONOHUE BROWN MATHEWSON &
SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, Illinois 60603
Telephone:  (312) 422.0900
Facsimile:  (312) 422.0909

*Counsel for Ford Motor Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of October, 2016, I caused the foregoing to be served on counsel for all parties of record as listed below by e-mail through the Court's CM/ECF system.

Keith L. Hunt
Bradley E. Faber
Hunt & Associates, P.C.
Three First National Plaza, Suite 2100
Chicago, Illinois 60602
(312) 558-1300
khunt@huntassoclaw.com
bfaber@huntassoclaw.com

*Counsel for Plaintiffs*

/s/ Kathleen M. Nemechek
***Attorney for Defendant***
***Ford Motor Company***