IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHRISTIE VAN, CHARMELLA LEVIEGE, MARIA PRICE, HELEN ALLEN, JACQUELINE BARRON, THERESA BOSAN, SHRANDA CAMPBELL, KETURAH CARTER, MICHELLE DAHN, TONYA EXUM, JEANNETTE GARDNER, ARLENE GOFORTH, CHRISTINE HARRIS, ORISSA HENRY, LAWANDA JORDAN, DANIELLE KUDIRKA, TERRI LEWIS-BLEDSOE, CONSTANCE MADISON, CEPHANI MILLER, MIYOSHI MORRIS, STEPHANIE SZOT, SHIRLEY THOMAS-MOORE, ROSE THOMAS, TONI WILLIAMS, BERNADETTE CLYBURN, ANGELA GLENN, LADWYNA HOOVER, LATRICIA SHANKLIN, ANTOINETTE SULLIVAN, DERRICKA THOMAS, and NICHEA WALLS**, each individually and on behalf of similarly situated persons, <br><br> **Plaintiffs,** <br> v. <br><br> **FORD MOTOR COMPANY,** <br><br> Defendant. | Case No. 14-CV-08708 <br><br> **JUDGE SHARON JOHNSON COLEMAN** <br><br> Jury Trial Demanded |

### EMERGENCY MOTION TO STAY PUBLICATION OF SETTLEMENT NOTICES

Plaintiffs, by their attorneys, Keith L. Hunt and Bradley E. Faber, respectfully requests that this Court order Ford Motor Company to halt distribution of all settlement notices involved in the settlement Ford reached with the EEOC which forms the basis for Ford's Motion to Deny Class Certification and in support states:

1. As this Court is aware, Ford entered a Conciliation Agreement with the EEOC. In an attempt order to undercut class certification in this matter, Ford Motor

Company cut a back-room deal with the EEOC to settle certain race discrimination and gender discrimination claims in a setting not overseen by this Court. Ford then filed a motion seeking to deny class certification (Docket # 138). Ford's Motion to Deny Class Certification in this Court directly based on its settlement agreement with the EEOC. However, that motion is pending a briefing schedule here.

2. On August 30, 2017, the parties appeared in Court on Ford's motion and Ford argued that the entire class certification process and class discovery should be halted since Ford entered the Conciliation Agreement. Plaintiffs objected and requested 60 days to respond so that: (1) plaintiffs could respond to Ford's motion; and (2) plaintiffs could present their Motion for Class Certification so that the court could simultaneously consider both sides of the class certification issue. The court granted plaintiff's request and gave plaintiffs until October 30, 2017 to file any papers.

3. On Friday, October 13, 2017, plaintiff's counsel received a letter from defense counsel at 9:28 AM advising plaintiff's counsel that when the EEOC Conciliation Agreement Claim Forms are sent out to such forms would be mailed to plaintiff's counsel for two individuals whom plaintiff's counsel represents (Peggy Pritchett and Brittney Carlisle). (Exhibit 1).

4. Shortly thereafter at 9:43 AM, plaintiff's counsel sent an e-mail asking "When are claims forms being sent?" (Ex. 2).

5. Ford's counsel then waited until 4:51 PM – – after the court had already closed -- to respond. At 4:51 PM, Ford's counsel indicated that Ford intended to proceed with the claims process called for under the Conciliation Agreement which includes sending notice to every class member. Ford's counsel indicated that Claim Forms were going to be

2

mailed to all of the individuals covered under the Conciliation Agreement on Monday, October 17, 2017.

6. This is a blatant attempt to circumvent this court's authority by proceeding with the claims process under the Conciliation agreement before this court can consider whether to grant or deny class certification.

7. There are many problems with the Conciliation Agreement which will be addressed in the plaintiff's response to Ford's motion. One such problem is that the EEOC – Ford Conciliation Agreement purports to cover a class of individuals based on both race and sexual harassment. Plaintiff's proposed class in this case, on the other hand, will be based solely on sexual harassment. This is an important distinction because it means that some of the most notorious sexual harassers in this case will receive a claim form. This includes people like Allen "Coby" Millender (African American male) the UAW Chicago Assembly Plant Chairman—and Myron Alexander (Area Manager) will receive a claim form.(Ex. 4 & 5).

8. Another glaring problem is the language in the claim form which is confusing, complex and difficult to understand. Earlier this week, plaintiff's expert witness testified at her deposition at length about the many issues surrounding the Conciliation Agreement, including problems with the language in the claim form itself. Those issues are also detailed in the Declaration which plaintiff's expert provided in advance of her deposition (Exhibit 3). In that Declaration, Dr. Fitzgerald details the problems with the claim form (Ex. 3 at ¶ 8-9).

9. Sending the Notices will inevitably confusion among members of the proposed class, including the Plaintiffs and material witnesses. Does the class include race as defined under the Conciliation Agreement? What happens if this court certifies the class

3

with respect to sexual harassment victims? Then there are potentially two competing class claims processes.

10. This Court should enjoin Ford from issuing notices to class members until this court resolves the class certification issue. Staying publication of these Notices until the Court has an opportunity to review Ford's actions in settling with the EEOC and the efficacy of that settlement would cause little or no prejudice to Ford and the EEOC. On the other hand, the potential harm and confusion that can come from distributing claim forms at this point in time – – before this court resolves class certification issues and before the class definition is resolved will cause tremendous harm and confusion.

11. Publication of this Notice should be stayed until the Court has ruled on the efficacy of the motion that is currently pending a briefing schedule. Ford's blatant attempt to circumvent the judicial process and this court's jurisdiction over the class certification issue should not be rewarded.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court enjoin Ford and stay Notices from being sent until the class certification issue is resolved.

Respectfully submitted,

*/s/ Keith L. Hunt (electronic signature)*
An Attorney for Plaintiff

Keith L. Hunt
Bradley E. Faber
Hunt & Associates, P.C.
Three First National Plaza
70 W. Madison St., Suite 2100
Chicago, Illinois 60602
(312) 558-1300

4

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served the foregoing Emergency Motion to Stay Publication of Settlement Notices on counsel for all parties of record as listed below by email through the Court's CM/ECF system on October 14, 2017.

Eugene Scalia
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., NW
Washington, D.C. 20036

Kathleen M. Nemechek
Timothy Millman
Berkowitz Oliver Williams
Shaw & Eisenbrandt LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
(816) 561-7007

Karen Kies DeGrand
Donohue Brown Mathewson & Smyth LLC
140 South Dearborn Street
Suite # 800
Chicago, IL 60603
(312) 422-0900

By: /s/ Keith L. Hunt (electronic signature)
An Attorney for Plaintiffs