# EXHIBIT D

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

----------------------------------------x
CHRISTIE VAN, CHARMELLA LEVIEGE,
MARIA PRICE, HELEN ALLEN,
JACQUELINE BARRON, THERESA BOSAN,
SHRANDA CAMPBELL, KETURAH CARTER,
MICHELLE DAHN, TONYA EXUM, JEANNETTE
GARDNER, ARLENE GOFORTH, CHRISTINE
HARRIS, ORISSA HENRY, LAWANDA JORDAN,
DANIELLE KUDIRKA, TERRI LEWIS-BLEDSOE,
CONSTANCE MADISON, CEPHANI MILLER,
MIYOSHI MORRIS, STEPHANIE SZOT, SHIRLEY
THOMAS-MOORE, ROSE THOMAS, TONI WILLIAMS,
BERNADETTE CLYBURN, ANGELA GLENN,
LADWYNA HOOVER, LATRICIA SHANKLIN,
ANTOINETTE SULLIVAN, DERRICKA THOMAS,
and NICHEA WALLS, each individually
and on behalf of all similarly
situated persons,

                        Plaintiffs,

      v.                                    Case No.
                                          1:14-CV-08708
FORD MOTOR COMPANY,

                        Defendant.
----------------------------------------x

     Deposition of PAUL GREGORY MITCHELL, Ph.D.

                    Washington, D.C.

               Thursday, January 25, 2018

                       9:25 a.m.




Job No.: 27155
Pages: 1 - 189

Reported by:  Amy E. Sikora-Trapp, RPR, CRR, CLR
```

```
 1          Deposition of PAUL GREGORY MITCHELL, Ph.D.,
 2    held at the offices of:
 3          Intelligent Office (DC)
 4          1775 I Street, Northwest
 5          Suite 1150
 6          Washington, D.C.   20006
 7
 8          Pursuant to notice, before Amy E.
 9    Sikora-Trapp, Registered Professional Reporter,
10    Certified Realtime Reporter, Certified LiveNote
11    Reporter, and Notary Public in and for the
12    District of Columbia.
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                P R O C E E D I N G S
 2   Whereupon,
 3             PAUL GREGORY MITCHELL, Ph.D.,
 4   called as a witness, having been first duly
 5   sworn by the Notary Public (Amy E. Sikora-Trapp),
 6   was examined and testified as follows:
 7                EXAMINATION BY COUNSEL
 8                   FOR THE PLAINTIFFS
 9   BY MR. HUNT:
10        Q.    Sir, you've given a deposition
11   before; right?
12        A.    Yes, sir.
13        Q.    Okay.  So I'm going to ask you a
14   series of questions.  You're required to give a
15   series of responses.  If at any time you don't
16   understand me, stop me and I'll try to the best
17   of my ability to rephrase it.  But if you give an
18   answer, we're all going to assume that you
19   understood the question.
20              Is that fair?
21        A.    Yes.
22        Q.    Okay. And, sir, you're a lawyer;
23   correct?
24        A.    I have a law degree and I am
25   licensed in Michigan and Tennessee, but I
```

1  mistake that many lawyers make.  That's
2  absolutely not a reliable method for drawing any
3  kind of conclusions about the climate at the Ford
4  plants nor about the prevalence of harassment.
5          Dr. Fitzgerald --
6     Q.   So she shouldn't read --
7     A.   Dr. Fitzgerald -- if I may finish.
8          Dr. Fitzgerald's personal judgments
9  are not scientific judgments.  She's a very
10 accomplished social scientific.  Those are not
11 socially scientific -- those are not reliable
12 social scientific opinions that she gives.
13         Those are her personal opinions
14 that I respect her research, but I'm not here to
15 critique her sexual harassment research that has
16 been conducted in a much better way.
17         It is not a reliable method for an
18 expert to read documents and then magically
19 pronounce on what the climate is as an
20 organization.  That is not a reliable method.  I
21 am not doing that, and anybody who does that I
22 will say the same thing.  Defendant or plaintiff.
23    Q.   That's your opinion?
24    A.   That is my opinion that is
25 supported by much, much, much research on

1  persons who have experienced sexual harassment as
2  if they're representative of all of the class.
3  That's one thing I'm saying.
4         Q.   Okay.  I got that.  But you're also
5  saying that the only way you can reach those
6  conclusions is if you go out and independently
7  test to determine whether the hypothesis, being
8  that there is or is not sexual harassment in the
9  workplace, is a valid hypothesis looking at a
10 different data set than what the plaintiffs have
11 testified?
12        A.   Well, I'm not sure what you have in
13 mind with this alternative test.  There are a lot
14 of different ways, as a social scientific matter,
15 one might go about trying to determine what kinds
16 of behaviors are occurring at a location with
17 what frequency and to what extent management is
18 or is not responding to those behaviors.
19             And I'm saying that, in my opinion,
20 based on what I understand Dr. Fitzgerald did,
21 she did none of the things that as a social
22 scientist we would need to do to reach reliable
23 opinions about the prevalence of sexual
24 harassment at those plants and how management
25 responded.

1        I understand that she has given a
lot of opinions here after reviewing the -- the
data, the plaintiffs' testimony, and some
documents, maybe a lot of the documents from the
case. That, in my opinion, is simply not
sufficient.

     Q.   She still would have had to go do some other form of study or analysis or evaluation, other than just the evidence and what the plaintiffs were saying?

     A.   Well, I mean, in my opinion, there is no hardship exception to the scientific method. I understand your concern as a litigant that it may be expensive and difficult to do. But as a social scientist it's only if we collected data properly and analyzed it properly that we can form reliable opinions. And in my opinion she did not do that here.

     Q.   And you don't know whether Ford would have allowed her to do it either, do you?

     A.   No, sir. I do not.

     Q.   In paragraph 14 you talk about Dr. Fitzgerald's if-then methodology?

     A.   Yes, sir.

     Q.   Is it ever appropriate to use an

1　　　　　　CERTIFICATE OF SHORTHAND REPORTER

2　　　　I, AMY E. SIKORA-TRAPP, RPR, CRR, CLR, and

3　Notary Public in and for the District of

4　Columbia, hereby certify that the foregoing

5　deposition of PAUL GREGORY MITCHELL, Ph.D. was

6　taken before me on the 25th day of January, 2018.

7　　　　That the said witness was duly sworn before

8　the commencement of the testimony; that the said

9　testimony was taken stenographically by me and

10　then transcribed.

11　　　　I further certify that I am not kin to any

12　of the parties to this action nor am I interested

13　directly or indirectly in the matter in

14　controversy; nor am I in the employ of any of the

15　counsel in this action.

16　　　　IN WITNESS WHEREOF, I have hereunto set my

17　hand this 30th day of January, 2018.

18

19

20

21

22　　　　　_____

23　　　　　　AMY E. SIKORA-TRAPP, RPR, CRR, CLR
　　　　　　　　　　　Notary Public
　　　　　in and for the District of Columbia
24
　　　My Commission expires:  7/31/19
25