## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHRISTIE VAN, CHARMELLA LEVIEGE, MARIA PRICE, HELEN ALLEN, JACQUELINE BARRON, THERESA BOSAN, SHRANDA CAMPBELL, KETURAH CARTER, MICHELLE DAHN, TONYA EXUM, JEANNETTE GARDNER, ARLENE GOFORTH, CHRISTINE HARRIS, ORISSA HENRY, LAWANDA JORDAN, DANIELLE KUDIRKA, TERRI LEWIS-BLEDSOE, CONSTANCE MADISON, CEPHANI MILLER, MIYOSHI MORRIS, STEPHANIE SZOT, SHIRLEY THOMAS-MOORE, ROSE THOMAS, TONI WILLIAMS, BERNADETTE CLYBURN, ANGELA GLENN, LADWYNA HOOVER, LATRICIA SHANKLIN, ANTOINETTE SULLIVAN, DERRICKA THOMAS, and NICHEA WALLS, each individually and on behalf of all similarly situated persons, <br><br>            Plaintiffs, <br><br>   v. <br><br> FORD MOTOR COMPANY, <br><br>            Defendant. | Case No. 1:14-CV-08708 <br><br> Honorable Robert M. Dow, Jr. <br><br> Magistrate Sidney I. Schenkier <br><br> Jury Trial Demanded |

**DEFENDANT'S ANSWERS TO PLAINTIFFS' FOURTH[1] SET OF INTERROGATORIES**

COMES NOW, Defendant Ford Motor Company ("Ford"), by and through its counsel, and for its Answers to Plaintiffs' Fourth Set of Interrogatories propounded to Defendant states as follows:

---

[1] Plaintiffs' mistakenly titled the pleading "Plaintiffs' Fourth Set of Interrogatories to Defendant." In fact, Plaintiffs served only one previous set of interrogatories, making these the second set of interrogatories to Defendant.

**Preliminary Statement**

A. Ford's responses to these Interrogatories have been prepared in accordance with the Federal Rules of Civil Procedure and pursuant to a reasonably diligent search for the information requested. Ford has tens of thousands of employees located around the world who collectively generate millions of documents every year. Many of those employees change jobs and relocate to different Ford facilities throughout the course of their careers. The information that they generate in the course of their employment may or may not move with them. Moreover, because of the breadth of Ford's global operations, responsive information is often maintained in numerous locations and may be moved from time to time as Ford's organizational structure changes. Accordingly, Ford does not, and could not possibly, represent that these responses reflect or include "all" potentially responsive information located anywhere within Ford worldwide. Rather, the scope of the investigation conducted to locate responsive information has been limited to making inquiries of those Ford employees most likely to be knowledgeable about the specific matters at issue, and to reviewing Ford files and databases in which information related to such matters ordinarily would be expected to be found subject to the limitations set forth in the Court's Discovery Order (Dkt. 86), including limiting Ford's review to the files of 40 custodians in responding to these requests, and consistent with ongoing communications by counsel. To the extent that this discovery set purports to require or define an investigation that exceeds the foregoing scope, Ford objects thereto on the grounds that such a requirement or definition (a) exceeds the scope of permissible discovery, (b) improperly attempts to impose upon Ford an unreasonable burden and expense, and (c) is not proportional to the needs of the case.

B. Ford has not yet completed its investigation of the facts related to this litigation. Consequently, all of the responses contained herein are based only on such information as is

presently available to Ford. It is anticipated that further investigation, research, and analysis will supply additional facts, add meaning to known facts, and perhaps establish entirely new factual conclusions, all of which may in turn lead to substantial additions or changes to these responses. Accordingly, Ford reserves the right to supplement these responses pursuant to the Federal Rules of Civil Procedure.

      C.      Ford does not concede that any of the information or documents it will produce are or will be admissible evidence at trial or any evidentiary hearing. Further, Ford does not waive any objection, whether or not asserted herein, to the use of any such documents at trial.

      D.      Whether or not stated in response to a specific request, to the extent that these requests seek confidential, proprietary, sensitive or personal and/or financial information, and Ford agrees to produce such information, Ford will provide such information pursuant to the terms of a protective order.

      E.      Some of the Interrogatories contained herein appear to require information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. In addition, certain of these interrogatories are so broad or ambiguous that privileged and/or work-product information is arguably encompassed within the scope thereof, even though Ford may not have specifically identified to date any information or documents that are being withheld. To the extent of the foregoing, Ford objects to these interrogatories as exceeding the scope of permissible discovery. Ford will not produce privileged information or information protected as attorney work-product. To the extent documents are responsive, Ford will provide a privilege log for otherwise responsive documents created prior to the initiation of legal action or adversarial proceedings that are withheld on the grounds of attorney-client privilege and/or work-

product. Ford will not, for example, log communications by its counsel of record in this case after the filing of the litigation or any related administrative charge.

      F.     Ford objects to Plaintiffs' instructions and definitions to the extent they are inconsistent with and/or exceed the scope and/or requirements of the Federal Rules of Civil Procedure or applicable law.

      G.     Ford objects to requests for information to the extent they are not limited to Ford's Chicago Assembly Plant ("CAP") or Stamping Plant ("CSP") (collectively, the "Plants"). Plaintiffs have identified putative class members as being employees/former employees from these two facilities.

Subject to and without waiving its objections, and incorporating its objections into each response below, Ford responds as follows to Plaintiffs' Interrogatories:

## INTERROGATORIES

1. Please state the total number of female employees (including both current and former employees) who worked in at the Ford Chicago Assembly Plant between 2012-present.

**ANSWER**: Ford has been working on this request and will provide the requested information through a supplemental response within the next 7 days.

2. Please state the name(s) of each female current or former employees who worked in at the Ford Chicago Assembly Plant between 2012-present.

**ANSWER:** Ford objects to this request as overly broad, unduly burdensome and seeking information which is neither relevant nor proportional to the needs of the case. As written, this request seeks the identification of thousands of current and former employees. Ford further objects to producing the list requested at this time. No class has been certified; as such, this

request is premature and not necessary for purposes of class certification motion practice. Ford further objects to this request for identification of every such current or former employee as overbroad and not proportional, in that it seeks information on non-party employees who may have no knowledge concerning any Plaintiff's claims and/or may consider such identification inappropriate. Ford also objects to the extent the purpose of this request is for Plaintiffs' counsel's solicitation of new clients. Ford further objects to the extent the request seeks contact information for individuals who may only be contacted through counsel and/or whom Plaintiffs' counsel are prohibited from contacting by the applicable ethical rules. Finally, Ford objects to this request as duplicative of Interrogatory No. 10 in Plaintiffs' First Set of Interrogatories to Defendant.

3. Please state the last known address and telephone number for each female current or former employees who worked in at the Ford Chicago Assembly Plant between 2012-present, that is identified in response to Interrogatory No. 2, above.

**ANSWER:** Ford objects to this request as overly broad, unduly burdensome and seeking information which is neither relevant nor proportional to the needs of the case. This request seeks the identification of thousands of current and former employees. Ford further objects to producing the list requested at this time. No class has been certified; as such, this request is premature and not necessary for purposes of class certification motion practice. In addition, Ford objects to producing home contact information for hundreds if not thousands of non-party employees as an invasion of privacy and calling for disclosure of sensitive information. Ford also objects to the extent the purpose of this request is for Plaintiffs' counsel's solicitation of new clients. Ford further objects to the extent the request seeks contact information for the individuals who may only be contacted through counsel and/or whom Plaintiffs' counsel are

5

prohibited from contacting by the applicable ethical rules. Finally, Ford objects to this request as duplicative of Interrogatory No. 10 in Plaintiffs' First Set of Interrogatories to Defendant.

4. Please state the total number of female employees (including both current and former employees) who worked in at the Ford Chicago Stamping Plant between 2012-present.

**ANSWER**: Ford has been working on this request and will provide the requested information through a supplemental response within the next 7 days.

5. Please state the name(s) of each female current or former employees who worked in at the Ford Chicago Stamping Plant between 2012-present.

**ANSWER**: Ford objects to this request as overly broad, unduly burdensome and seeking information which is neither relevant nor proportional to the needs of the case. As written, this request seeks the identification of thousands of current and former employees. Ford further objects to producing the list requested at this time. No class has been certified; as such, this request is premature and not necessary for purposes of class certification motion practice. Ford further objects to this request for identification of every such current or former employee as overbroad and not proportional, in that it seeks information on non-party employees who may have no knowledge concerning any Plaintiff's claims and/or may consider such identification inappropriate. Ford also objects to the extent the purpose of this request is for Plaintiffs' counsel's solicitation of new clients. Ford further objects to the extent the request seeks contact information for individuals who may only be contacted through counsel and/or whom Plaintiffs' counsel are prohibited from contacting by the applicable ethical rules. Finally, Ford objects to this requests as duplicative of Interrogatory No. 10 in Plaintiffs' First Set of Interrogatories to Defendant.

6. Please state the last known address and telephone number for each female current or former employees who worked in at the Ford Chicago Stamping Plant between 2012-present, that is identified in response to Interrogatory No. 5, above.

**ANSWER:** Ford objects to this request as overly broad, unduly burdensome and seeking information which is neither relevant nor proportional to the needs of the case. This request seeks the identification of thousands of current and former employees. Ford further objects to producing the list requested at this time. No class has been certified; as such, this request is premature and not necessary for purposes of class certification motion practice. In addition, Ford objects to producing home contact information for hundreds if not thousands of non-party employees as an invasion of privacy and calling for disclosure of sensitive information. Ford also objects to the extent the purpose of this request is for Plaintiffs' counsel's solicitation of new clients. Ford further objects to the extent the request seeks contact information for the individuals who may only be contacted through counsel and/or whom Plaintiffs' counsel are prohibited from contacting by the applicable ethical rules. Finally, Ford objects to this requests as duplicative of Interrogatory No. 10 in Plaintiffs' First Set of Interrogatories to Defendant.

DATED: January 16, 2018

Eugene Scalia (admitted *pro hac vice* )
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Mark H. Boyle, ARDC # 6200934
Karen Kies DeGrand, ARDC # 6191140
DONOHUE BROWN MATHEWSON &
SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, Illinois 60603
Telephone: (312) 422-0900
Facsimile: (312) 422-0909

Respectfully submitted,

Kathleen M. Nemechek, N.D. Ill. No. 50139
Timothy S. Millman, N.D. Ill. No. 44398
BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888

*Counsel for Defendant Ford Motor Company*

### CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January 2018, I served the foregoing by e-mail upon:

> Keith L. Hunt
> Bradley E. Faber
> HUNT & ASSOCIATES, P.C.
> Three First National Plaza, Suite 2100
> Chicago, Illinois 60602
> Telephone: (312) 558-1300
> khunt@huntassoclaw.com
> bfaber@huntassoclaw.com

*Counsel for Plaintiffs*

*Counsel for Defendant Ford Motor Company*