IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS

| | |
|---|---|
| **CHRISTIE VAN, et al.** ) | CASE: 14cv8708 |
|     **PLAINTIFFs,** ) | JUDGE DOW |
|     v. ) | JUDGE CUMMINGS |
| **FORD MOTOR COMPANY,** ) | |
|     **PLAINTIFF.** ) | |

**MOTION FOR A STATUS WITH JUDGE DOW OR FOR A 72.1 REFERRAL TO MAGISTRATE CUMMINGS, FOR ASSISTANCE RESOLVING THE DISPUTE OF HOW THE CAMPBELL COMPLAINT SHOULD BE WORDED**

NOW COMES Plaintiff Campbell, through counsel, Christopher Cooper, and moves the Court pursuant to its discretion for a status conference or for a referral to the magistrate judge. Through counsel, Plaintiff states as follows:

(1) The Van attorneys, with Defendant Ford, requested of Plaintiff Campbell that she sever her claims from the Van matter. The undersigned attorney for Campbell agreed to the joint request.

(2) The parties appeared by counsel, the undersigned attorney for Campbell among them. What followed is the below text entry on April 8, 2019:

**Docket Text:** 391: **MINUTE entry before the Honorable Robert M. Dow, Jr: Upon review of the joint status report regarding severance of Plaintiff Campbell-Salahuddin's claims [389], the Court adopts the parties' proposal. The individual claims of Plaintiff Campbell-Salahuddin are severed and counsel for Plaintiff Campbell-Salahuddin is directed to file a complaint within 10 days of this order and to move for reassignment of the case under Local Rule 40.4 unless the case is randomly assigned to this Court. Mailed notice(cdh, ).**

(3) A stipulation between Ford and Campbell, calls for Campbell to present a carbon copy of the operable complaint in Vann without class allegations and averments by other plaintiffs. Since the operable complaint is nearly 173 pages and not cleanly presented, parsing out Campbell averments

presented challenges. Plaintiff's attorneys believe they have done a good job of it.

(4) A new complaint has not been filed since counsel for the Ford and Campbell are in throes of a battle over the content of the Plaintiff's proposed complaint. The e-mail traffic is incessant, and the parties are at a stalemate. The positive is that the battle is in good faith by both sides. The negative is that Plaintiff and her two attorneys are at wits end because they cannot cause Ford to approve any of their versions of the new complaint.

(5) The parties desperately need the Court's assistance.

(6) Although, Ford has not agreed to this motion, neither has it objected at this point and time. Ford's sentiment bodes with the sentiment of "we can work it out" while Plaintiff's position is that too much time has passed and that although Ford and Campbell's attorneys have an amicable rapport, nothing will get accomplished without court intervention.

**WHEREFORE**, Plaintiff respectfully requests that Judge Dow's court require the Ford and Campbell, by respective counsel, to appear for assistance by the Court in arriving at a complaint satisfactory to Ford. In the alternative that the quarrel is referred to Magistrate Cummings for the same.

DATED: 05/27/2019
s\Christopher Cooper, ESQ., Plaintiff's Attorney
Law Office of Christopher Cooper, Inc.
79 W. Monroe St., STE. 1213, Chicago, IL 60603 [or]
426 N. Broad St., Griffith, Indiana 46319
Tel: 312 473 2968  TEL: 219 228 4396  FAX: 866 334 7458  cooperlaw3234@gmail.com

CERTIFICATE OF SERVICE: The undersigned certifies that he filed the foregoing on ECF on May 27, 2019, and that Defendant Ford is a registered E-filer.  s\Christopher Cooper