IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIE VAN, CHARMELLA LEVIEGE, MARIA PRICE, HELEN ALLEN, JACQUELINE BARRON, THERESA BOSAN, SHRANDA CAMPBELL, KETURAH CARTER, MICHELLE DAHN, TONYA EXUM, JEANNETTE GARDNER, ARLENE GOFORTH, CHRISTINE HARRIS, ORISSA HENRY, LAWANDA JORDAN, DANIELLE KUDIRKA, TERRI LEWIS-BLEDSOE, CONSTANCE MADISON, CEPHANI MILLER, MIYOSHI MORRIS, STEPHANIE SZOT, SHIRLEY THOMAS-MOORE, ROSE THOMAS, TONI WILLIAMS, BERNADETTE CLYBURN, MARTHA CORBIN, ANGELA GLENN, LADWYNA HOOVER, OGERY LEDBETTER, LATRICIA SHANKLIN, ANTOINETTE SULLIVAN, DERRICKA THOMAS, and NICHEA WALLS, each individually and on behalf of all similarly situated persons,<br><br>    Plaintiffs,<br><br> v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | Case No. 1:14-CV-08708<br><br>Honorable Robert M. Dow, Jr.<br>Honorable Jeffrey Cummings |

**DEFENDANT FORD MOTOR COMPANY'S RESPONSE TO
PLAINTIFF CAMPBELL-SALAHUDDIN'S MOTION FOR A STATUS CONFERENCE
OR REFERRAL TO MAGISTRATE JUDGE CUMMINGS**

Defendant Ford Motor Company ("Ford") hereby submits this response to the motion by Plaintiff Shranda Campbell-Salahuddin titled "Motion For A Status With Judge Dow Or For A 72.1 Referral To Magistrate Cummings, For Assistance Resolving The Dispute Of How The Campbell Complaint Should Be Worded." *See* Dkt. 399. Respectfully, neither a status conference nor a referral to Magistrate Judge Cummings is necessary to assist Campbell-Salahuddin with the "wording" of her complaint; instead, Ford respectfully requests that Plaintiff be ordered to abide by this Court's prior instruction (Dkt. 391) that she file a complaint as a separate action that tracks "verbatim the individual allegations [she] has made in Counts 1, 2, 4, 11, 44, 67 and 98 (for purposes of appeal only) in the Second Amended Complaint filed in the *Van* Case," Dkt. 389 ¶ 2.

In support thereof, Ford states as follows:

1. After Plaintiff elected to retain new counsel to represent her in this case, the parties submitted a Joint Status Report, in which they agreed that Plaintiff's claims would be severed from those of the other *Van* plaintiffs; that she would file a new complaint that would "track verbatim the individual allegations [she] has made in Counts 1, 2, 4, 11, 44, 67 and 98 (for purposes of appeal only) of the Second Amended Complaint filed in the *Van* Case," Dkt. 389 ¶ 2; that her claims would "proceed on an individual basis only, and not on a class or collective basis," *id.* ¶ 6; and that she would file her new complaint as a related case to the *Van* case within 10 days of an order by this Court directing that her claims be severed, *id.* ¶ 2.

2. On April 8, 2019, this Court adopted the parties' proposal, severed Plaintiff's claims, and ordered that she file her new complaint within 10 days—*i.e.*, by April 18, 2019—and "move for reassignment of the case [to this Court] under Local Rule 40.4." Dkt. 391.

3. Plaintiff, however, failed to file a new complaint by this Court's deadline.

4. Although Plaintiff's motion states that the parties have been "in throes of a battle

over the content of the Plaintiff's proposed complaint" (Dkt. 399), Ford has, in fact, done no more than attempt to hold Plaintiff to her *own* agreement that her new complaint track the allegations she made in the Second Amended Complaint in this case. For instance, after Plaintiff sent Ford a proposed complaint that included class-based allegations, Ford reminded Plaintiff of her agreement in the Joint Status Report that her new complaint be filed as an individual action only, and not contain allegations regarding *other* women employed by Ford.

5. In any event, Plaintiff's request for this Court's assistance in drafting her complaint—or "mediating" a dispute with Ford regarding the content of that complaint—should be denied. Instead, the most efficient path forward would be for Plaintiff to simply file her new complaint based on her and her counsel's best judgment of what comports with the Court's April 8 Order and the parties' agreement as reflected in their Joint Status Report. To the extent that Plaintiff's new complaint does not track the allegations she made in the *Van* Second Amended Complaint, or otherwise fails to adhere to the parties' agreement, Ford can simply move to strike the complaint or any portions thereof that deviate from the parties' agreement.

6. Simply put, there is no need to burden this Court or Magistrate Judge Cummings with the task of "parsing out Campbell averments" from the "173-page[]" Second Amended Complaint in this case. Dkt. 399 ¶ 3. That task should fall to Plaintiff's new counsel.

For the foregoing reasons, Ford respectfully submits that there is no need for a status with Judge Dow or a referral to Magistrate Cummings.

DATED:  May 31, 2019                     Respectfully submitted,

/s/ Eugene Scalia
Eugene Scalia (admitted *pro hac vice*)
Katherine V.A. Smith (admitted *pro hac vice*)
Molly T. Senger (admitted *pro hac vice*)
Andrea R. Lucas (admitted *pro hac vice*)
Naima Farrell (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kathleen M. Nemechek  N.D. Ill. No. 50139
Timothy S. Millman  N.D. Ill. No. 44398
BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  816.561.7007
Facsimile:  816.561.1888
Karen Kies DeGrand
Mark H. Boyle
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, Illinois 60603
Telephone:  312.422.0900
Facsimile:  312.422.0909

*Counsel for Ford Motor Company*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which provided electronic service upon:

>Christopher Cooper
>Law Office of Christopher Cooper, Inc.
>79 WEST MONROE STREET, STE 1213
>Chicago, IL 60603
>(312) 4732968
>cooperlaw3234@gmail.com
>*Counsel for Individual Plaintiff Campbell-Salahuddin*
>
>Keith L. Hunt
>Bradley E. Faber
>Hunt & Associates, P.C.
>55 W. Monroe Street #3600
>Chicago, Illinois 60603
>(312) 558-1300
>khunt@huntassoclaw.com
>bfaber@huntassoclaw.com
>
>Antonio M. Romanucci
>Stephen D. Blandin
>Bryce T. Hensley
>Bhavani K. Raveendran
>Nicolette A. Ward
>ROMANUCCI & BLANDIN, LLC
>321 North Clark Street, Suite 900
>Chicago, IL 60654
>(312) 253-8600
>aromanucci@rblaw.net
>sblandin@rblaw.net
>bhensley@rblaw.net
>braveendran@rblaw.net
>nward@rblaw.net
>*Counsel for Plaintiffs*
>
>/s/ Eugene Scalia
>*Counsel for Defendant Ford Motor Company*